DECISION AND ENTRY
{¶ 1} Defendant, Jetarr Washington, appeals from his conviction and sentence for Carrying Concealed Weapons, R.C.2923.12(A).
 {¶ 2} Washington was originally charged in Juvenile Court with delinquency arising from two alleged violations of law: Carrying Concealed Weapons and Aggravated Robbery, R.C.2911.01(A)(1). On the State's motion, the case was transferred from the juvenile court to the general division of the court of common pleas, where Defendant was charged by indictment with the same two offenses.
 {¶ 3} Following a jury trial, Washington was found not guilty of the Aggravated Robbery charge but guilty of Carrying Concealed Weapons. Defendant moved to dismiss, challenging the order binding him over from Juvenile Court. The general division court denied the motion and sentenced Defendant to six months imprisonment on the Carrying Concealed Weapons violation.
 {¶ 4} Defendant filed a timely notice of appeal. His appellate counsel has filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, certifying that he could find no meritorious issue for appellate review. Counsel did identify one potential error: that the Juvenile Court bind-over order was defective.
 {¶ 5} Bind-over is mandatory per R.C. 2152.10(A) and R.C.2152.12(A) when an alleged delinquent of sufficient age is charged with committing an offense identified by R.C.
 {¶ 6} 2152.02(CC) as a "category two" offense. R.C. 2911.11, which defines Aggravated Robbery, is thus identified.
 {¶ 7} Bind-over is discretionary per R.C. 2152.12(F) when an alleged delinquent is charged with a non-category offense, such as Carrying Concealed Weapons. Then, the procedures which that section requires must be followed, and the juvenile court must find, in addition to other things, that the alleged delinquent child is not amenable to care or rehabilitation within the juvenile system. R.C. 2152.12(B)(3); Juv.R. 30(C).
 {¶ 8} The Juvenile Court treated both the Aggravated Robbery charge of which Defendant was subsequently acquitted and the Carrying Concealed Weapons charged of which he was convicted as mandatory bind-over offenses. In consequence, the court failed to make the findings concerning the non-category Carrying Concealed Weapons charge which R.C. 2152.12(F) requires as a condition for bind-over.
 {¶ 9} Defendant contends that the Juvenile Court's error deprived the general division trial court of jurisdiction to adjudicate the Carrying Concealed Weapons charge against him. Therefore, he argues, his conviction for that offense is void.
 {¶ 10} The jurisdiction of the court of common pleas and its divisions is prescribed by statute. Article IV, Section (B), Ohio Constitution. The Montgomery County Juvenile court is a division of the court of common pleas. R.C. 2301.03(F). As with all juvenile courts, it has exclusive original jurisdiction of charges against any child who is alleged to be delinquent. R.C. 2151l23(A)(1). That jurisdiction cannot be relinquished absent the bind-over procedure that R.C. 2151.26 prescribes. State v.Wilson, 73 Ohio St.3d 40, 1995-Ohio-217. As a corollary to that principle, another court or another division of the court of common pleas cannot acquire jurisdiction to adjudicate a charge so long as the juvenile court retains jurisdiction concerning it.
 {¶ 11} We are directed by Anders to appoint new counsel to represent a defendant in a criminal appeal if, upon review, we identify an error which is not "wholly frivolous." (Id., at p. 774). State v. Pullen (Dec. 6, 2002), Montgomery App. No. 19232. The error we have identified is surely not wholly frivolous, as it raises an issue concerning the jurisdiction of the general division court that entered the order from which this appeal was taken. Therefore, we will set aside the Anders brief that was filed and appoint new counsel to represent Defendant Washington. Counsel is, of course, free to raise any other issues that counsel believe has merit.
So ordered.
Brogan, Judge, Wolff, Jr., Judge, Grady, Judge.