OPINION
{¶ 1} Defendant, Jetarr Washington, appeals from his conviction and sentence for carrying concealed weapons ("CCW"), in violation of R.C. 2923.12.
 {¶ 2} Defendant, who was sixteen years of age when he committed the CCW offense, was originally charged with a related delinquency in the juvenile division of the court of common pleas. He was also charged with delinquency related to having committed the offense of aggravated robbery involving use of a deadly weapon. R.C. 2911.01(A)(1).
 {¶ 3} The State moved to transfer the case to the general division of the court of common pleas. On January 21, 2003, the juvenile division relinquished jurisdiction and ordered Defendant bound-over.
 {¶ 4} Defendant was subsequently indicted on the aggravated robbery and CCW charges. He filed a motion to dismiss the CCW charge, arguing that the juvenile division acted improperly when it ordered him bound over on that charge. The general division court denied the motion, holding that review is available only upon a direct appeal of a conviction following a bind over.
 {¶ 5} Defendant was tried on the two charges. He was acquitted of aggravated robbery but convicted of CCW, and he was sentenced pursuant to law. He filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED BY OVERRULING DEFENDANT'S MOTION TO DISMISS ON THE GROUNDS THAT IT LACKED AUTHORITY TO REVIEW OR REHAER (SIC) BIND-OVER DECISIONS OF THE JUVENILE COURT."
 {¶ 7} Crim.R. 12(C)(1) authorizes pretrial motions on objections based on the institution of the prosecution. Defendant argued in his motion to dismiss that the indictment on which his prosecution was instituted was invalid because the juvenile division acted improperly when it ordered him bound over. He raises those arguments again on appeal in his second and third assignments of error.
 {¶ 8} The trial court, relying on In re Becker (1974),39 Ohio St.2d 84, and State v. Whiteside (1982), 6 Ohio App.3d 30, held that because any error in a bind over order is reviewable only on direct appeal following a conviction of the offense or offenses after the minor is bound over, the general division of the court of common pleas lacks jurisdiction to review a bind over order for error. We agree. Therefore, we find that the trial court did not err when it denied Defendant's motion to dismiss.
 {¶ 9} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 10} "THE JUVENILE COURT ABUSED ITS DISCRETION BY RELINQUISHING JURISDICTION OVER JETARR WASHINGTON AND BINDING HIM OVER TO THE MONTGOMERY COUNTY COURT OF COMMON PLEAS TO BE TRIED AS AN ADULT CRIMINAL OFFENDER."
THIRD ASSIGNMENT OF ERROR
 {¶ 11} "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WS TRIED AS AN ADULT WITHOUT A PROPER BINDOVER HEARING FROM JUVENILE COURT."
 {¶ 12} These assignments of error present common issues of fact and law and will therefore be considered together.
 {¶ 13} Defendant's argument in support of the error assigned concerns the CCW conviction. He argues that the juvenile court was required to conduct a hearing pursuant to R.C. 2152.12(F) to determine his eligibility to be tried as a juvenile on the related delinquency charge before it could order him bound over for trial on the CCW charge, which it did not do.
 {¶ 14} When a juvenile division court improperly transfers jurisdiction over a minor, which is otherwise exclusive in the juvenile division per R.C. 2151.26, to a general division court, any subsequent conviction in the general division is void for lack of jurisdiction. State v. Wilson (1995), 75 Ohio St.3d 40.
 {¶ 15} R.C. 2152.12(A)(1)(b) states:
 {¶ 16} "After a complaint has been filed alleging that a child is a delinquent child by reason of committing a category two offense, the juvenile court at a hearing shall transfer
the case if section 2152.10 of the Revised Code requires the mandatory transfer of the case and there is probable cause to believe that the child committed the act charged." (Emphasis supplied).
 {¶ 17} R.C. 2152.10(A) states:
 {¶ 18} "A child who is alleged to be a delinquent child is eligible for mandatory transfer and shall be transferred as provided in section 2152.12 of the Revised Code in any of the following circumstances:
 {¶ 19} * * *
 {¶ 20} "(2) The child is charged with a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply:
 {¶ 21} * * *
 {¶ 22} "(b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged." (Emphasis supplied)
 {¶ 23} Aggravated robbery, R.C. 2911.01, is a "category two" offense. R.C. 2152.02(CC)(1). The juvenile division court so found, and it further found that there was probable cause to believe that Defendant had committed the aggravated robbery offense alleged, that he was sixteen years old at the time, and that in committing the offense he had "personally brandished or used the firearm." Upon those findings, which Defendant does not challenge, the juvenile division court was mandated by R.C.2151.12(A)(1)(b) and R.C. 2151.10(A) to transfer further proceedings on the aggravated robbery offense alleged to the general division of the court of common pleas.
 {¶ 24} None of the provisions cited above apply to the CCW charge, which is a non-category offense. However, R.C. 2152.12(I) provides that when a "case" is transferred pursuant to division (A) of that section "[t]he transfer abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint, and, upon the transfer, all further proceedings pertaining to the act charged shall be discontinued in the juvenile court, and the case then shall be within the jurisdiction of the court to which it is transferred as described in division (H) of section 2151.23 of the Revised Code." R.C.2151.23(H) likewise terminates the jurisdiction of the juvenile division after a transfer is ordered.
 {¶ 25} There is no constitutional right to be tried as a juvenile. Rather, recognizing the value of treating juveniles differently, the General Assembly, acting pursuant to the authority conferred on it by Article IV, Section 4(B) of the Ohio Constitution to determine the jurisdiction of the court of common pleas and its divisions, has conferred exclusive jurisdiction over alleged juvenile offenders on the juvenile division of the court of common pleas. R.C. 2151.26. Statutory provisions creating exceptions to that jurisdiction through transfer to the general division, whether discretionary or mandatory, likewise represent an exercise of the General Assembly's power. R.C. 2952.12(I), which mandates transfer of a "non-category" offense charge when it is founded on the same course of conduct as another offense which must be transferred, is such a jurisdictional provision. Its object is judicial economy; to prevent dual proceedings in the two divisions. Presumably, the General Assembly has found that the value of judicial economy in that regard outweighs any benefit that would otherwise accrue by treating the alleged offender as a juvenile.
 {¶ 26} Because the alleged aggravated robbery and CCW offenses underlying Defendant's two delinquency charges arose from a common nucleus of operative facts, and the juvenile division having properly ordered proceedings on the aggravated robbery charge transferred to the general division pursuant to R.C. 2152.12(A) (1(b), all further proceedings in the juvenile division on the CCW charge in the "case" were thereafter discontinued per R.C. 2152.12(I) and the juvenile division's jurisdiction was terminated. The juvenile division court was then relieved of any requirement that R.C. 2152.12(F) otherwise imposes to conduct further hearings or to make findings with respect to Defendant's eligibility to be tried as a juvenile on the CCW offense before transferring proceedings on that charge to the general division. The juvenile division's bind-over order operated to confer exclusive jurisdiction to adjudicate those charges on the general division court.
 {¶ 27} On this record, no error or abuse of discretion is shown in ordering Defendant bound-over on the CCW charge. The second and third assignments of error are therefore overruled. The judgment of the trial court will be affirmed.
Fain, J. and Donovan, J., concur.