OPINION
{¶ 1} Terry L. Henderson appeals from his conviction and sentence in the Common Pleas Court of Montgomery County following no-contest pleas to one count of felonious assault with a deadly weapon, one count of aggravated robbery, and one count of kidnapping. *Page 2 
 {¶ 2} Henderson's appointed counsel on appeal has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, indicating that he can find no meritorious issues for appellate review. Appellate counsel, however, has identified one possible argument relating to the bind-over hearing held on May 31, 2006, at which time the juvenile court relinquished jurisdiction to the court of common pleas in accordance with Chapter 2152.01 et seq. of the Ohio Revised Code. On July 6, 2007, we advised Henderson of appellate counsel's Anders brief and granted him 60 days to file a pro se brief assigning any errors for review by this Court. Henderson has not done so.
 {¶ 3} Pursuant to our responsibilities under Anders, we have examined the full record in this case, including transcripts from the bind-over hearing, the plea hearing and the sentencing hearing. Based on our examination, we agree with the assessment of appointed appellate counsel that there are no meritorious issues for our review.
 {¶ 4} With regard to the bind-over hearing on May 31, 2006, appellate counsel suggests the following possible assignment of error: "THE TRIAL COURT DID NOT HAVE PROPER JURISDICTION OVER APPELLANT BECAUSE HE WAS UNDER EIGHTEEN YEARS OLD AT THE TIME OF THE ALLEGED OFFENSES AND THE BIND OVER HEARING HELD IN JUVENILE COURT WAS NOT PROPER." For the following reasons, we find no potential merit in this argument.
 {¶ 5} The Montgomery County Juvenile Court has exclusive original jurisdiction of charges against any child who is alleged to be delinquent. R.C. 2151.23(A)(1). Such jurisdiction cannot be relinquished absent the bind-over procedure defined by R.C. 2152.12. "As a corollary to that principle, another court or another division of the court *Page 3 
of common pleas cannot acquire jurisdiction to adjudicate a charge so long as the juvenile court retains jurisdiction concerning it."State v. Washington, Montgomery App. No. 20226, 2005-Ohio-58, at ¶ 10.
 {¶ 6} Bind-over, however, is mandatory under R.C. 2152.10(A) and R.C.2152.12(A) when a child alleged to be delinquent is of a prescribed age and is charged with committing a "category two" offense. R.C.2152.10(A)(2)(b) states that "[a] child who is alleged to be a delinquent child is eligible for mandatory transfer and shall betransferred as provided in section 2152.12 of the Revised Code in any of the following circumstances:
 {¶ 7} "* * *
 {¶ 8} "(2) The child is charged with a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply:
 {¶ 9} * * *
 {¶ 10} "(b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged." (Emphasis added.)
 {¶ 11} R.C. 2152.12(A)(1)(b) states that "[a]fter a complaint has been filed alleging that a child is a delinquent child by reason of committing a category two offense, the juvenile court at a hearingshall transfer the case if section 2152.10 of the Revised Code requires the mandatory transfer of the case and there is probable cause to believe that the child committed the act charged." (Emphasis added.) *Page 4 
 {¶ 12} "Category two" offenses include kidnapping, R.C. 2905.01; aggravated robbery, R.C. 2911.01; and aggravated burglary, R.C. 2911.11. R.C. 2152.02(CC)(1). The complaint filed against Henderson in March 2006 charged him with one count of each of the aforementioned offenses, in addition to two counts of abduction, R.C. 2905.02. Each charge also contained a firearm specification.
 {¶ 13} The juvenile court in the present matter acknowledged that Henderson had been charged with at least two offenses defined as "category two" offenses under R.C. 2152.02(CC)(1). It also found that there was probable cause to believe that Henderson had committed each offense charged, that he was sixteen years old at the time of the charged act, and that he displayed, brandished, indicated possession of, or used a firearm to facilitate the commission of the act charged. Based on these findings, the juvenile court was required to transfer further proceedings on each alleged offense to the general division of the court of common pleas. See State v. Washington, Montgomery App. No. 20226,2005-Ohio-6546.
 {¶ 14} We note that abduction, of which Henderson was charged with two counts, is a non-category offense. Moreover, although defined as a "category two" offense, kidnapping, R.C. 2905.01, is expressly excluded by R.C. 2152.10(A)(2) as an offense that would require transfer of a case from juvenile court to the general division of the court of common pleas. This Court, however, has recognized that R.C. 2152.12(I) "mandates transfer of a `non-category offense' charge when it is founded on the same course of conduct as another offense which must be transferred * * * ." Washington, 2005-Ohio-6546, at]}25. In pertinent part, R.C. 2152.12(I) provides that "[t]he transfer [of a case under division (A) of this section] abates the jurisdiction of the juvenile court *Page 5 
with respect to the delinquent acts alleged in the complaint, and, upon the transfer, all further proceedings pertaining to the act charged shall be discontinued in the juvenile court, and the case then shall be within the jurisdiction of the court to which it is transferred as described in division (H) of section 2151.23 of the Revised Code." Consequently, the juvenile court's jurisdiction over the abduction charges was terminated upon properly ordering that proceedings on the "category two" offenses be transferred to the general division of the common pleas court pursuant to 2152.12(A)(1)(b). We believe the same principle applies to the kidnapping charge. Furthermore, because the juvenile court had appropriately transferred all further proceedings pertaining to the act charged, it was not required to make findings pursuant to 2152.12(B) as to whether Henderson was amenable to care or rehabilitation within the juvenile system, or whether the safety of the community required that he be subject to adult sanctions.
 {¶ 15} In conclusion, based on this Court's independent examination of the record, we find no potentially meritorious issues for appellate review. Accordingly, Henderson's appeal is without merit, and his appellate counsel is permitted to withdraw. The judgment of the trial court is affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1