[Cite as *State v. Quarterman*, 2013-Ohio-3606.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 26400 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALEXANDER QUARTERMAN | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 12 02 0303 |

DECISION AND JOURNAL ENTRY

Dated: August 21, 2013

HENSAL, Judge.

{¶1} Alexander Quarterman appeals a judgment of the Summit County Common Pleas Court convicting him of aggravated robbery. For the following reasons, this Court affirms.

I.

{¶2} A group of friends were playing cards when Mr. Quarterman robbed them at gunpoint. The victims filed criminal complaints against him in juvenile court, alleging that he was delinquent for committing acts that constitute aggravated robbery. Because of the nature of the offenses, the juvenile court was required by statute to transfer the case to adult court. The Grand Jury subsequently indicted Mr. Quarterman for three counts of aggravated robbery, each with a firearm specification. Pursuant to a plea agreement, Mr. Quarterman pled guilty to one count of aggravated robbery and the associated firearm specification. The trial court sentenced him to four years imprisonment. Mr. Quarterman has appealed, assigning four errors.

II.

ASSIGNMENT OF ERROR I

THE JUVENILE COURT ERRED WHEN IT TRANSFERRED ALEXANDER QUARTERMAN'S CASE TO ADULT COURT BECAUSE THE MANDATORY TRANSFER PROVISIONS IN R.C. 2152.10(A)(2)(b) AND R.C. 2152.12(A)(1)(b) ARE UNCONSTITUTIONAL IN VIOLATION OF A CHILD'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR II

THE JUVENILE COURT ERRED WHEN IT TRANSFERRED ALEXANDER QUARTERMAN'S CASE TO ADULT COURT BECAUSE THE MANDATORY TRANSFER PROVISIONS IN R.C. 2152.10(A)(2)(b) AND R.C. 2152.12(A)(1)(b) VIOLATE A CHILD'S RIGHT TO EQUAL PROTECTION AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 2 OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR III

THE JUVENILE COURT ERRED WHEN IT TRANSFERRED ALEXANDER QUARTERMAN'S CASE TO ADULT COURT BECAUSE THE MANDATORY TRANSFER PROVISIONS IN R.C. 2152.10(A)(2)(b) AND R.C. 2152.12(A)(1)(b) VIOLATE THE PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENTS AS GUARANTEED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUION AND ARTICLE 1, SECTION 9 OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR IV

ALEXANDER QUARTERMAN WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT TO HIS CASE BEING TRANSFERRED TO ADULT COURT WHEN THE TRANSFER PROVISIONS IN R.C. 2152.10(A)(2)(b) AND R.C. 2152.12(A)(1)(b) ARE UNCONSTITUTIONAL.

{¶3}   In his first three assignments of error, Mr. Quarterman argues that the statutory provisions that required the juvenile court to transfer his case to adult court violate his right to due process, equal protection, and to be free from cruel and unusual punishment.  This Court

need not address the merits of his arguments, however, because Mr. Quarterman waived them by pleading guilty.

{¶4} The Ohio Supreme Court has held that "a defendant who * * * voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 78, quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This Court has explained that "[a] defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although [he] may contest the constitutionality of the plea itself." *State v. Atkinson*, 9th Dist. Medina No. 05CA0079-M, 2006-Ohio-5806, ¶ 21, quoting *State v. McQueeney*, 148 Ohio App.3d 606, 2002-Ohio-3731, ¶ 13 (12th Dist.).

{¶5} Whether the Revised Code's mandatory bind-over provisions are constitutional does not implicate the common pleas court's jurisdiction. Under Sections 2151.23(H) and 2152.12(I), the common pleas court's general division has jurisdiction over any case that is transferred to it from the juvenile court, regardless of whether it is a mandatory bind-over under Section 2152.12(A) or a discretionary bind-over under Section 2152.12(B). R.C. 2151.23(H); 2151.12(I). *State v. Wilson*, 73 Ohio St.3d 40, 44 (1995)

{¶6} In his appellate brief, Mr. Quarterman does not argue that his plea was not knowing, intelligent, or voluntary. Rather, he argues that the juvenile court should not have transferred his case to adult court. By pleading guilty to aggravated robbery, however, he waived his right to challenge the constitutionality of the mandatory transfer provisions, which involved an earlier stage of the proceeding. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-

5283, ¶ 105 (explaining that defendant's "guilty plea waived any complaint as to claims of constitutional violations not related to the entry of the guilty plea.").

{¶7}    In his fourth assignment of error, Mr. Quarterman argues that his trial counsel was ineffective for not objecting to the constitutionality of his transfer to adult court.  This Court has held that "[a] guilty plea waives the right to appeal issues of ineffective assistance of counsel, unless the ineffective assistance of counsel caused the guilty plea to be involuntary."  *State v. Carroll*, 9th Dist. Lorain No. 06CA009037, 2007-Ohio-3298, ¶ 5.  In his brief, Mr. Quarterman has not argued that his lawyer's allegedly deficient performance caused the entry of his guilty plea to be less than knowing, intelligent, and voluntary.  *State v. Dallas*, 9th Dist. Wayne No. 06CA0033, 2007-Ohio-1214, ¶ 4.  We, therefore, conclude that he has also waived his ineffective assistance of counsel claim.

{¶8}    By pleading guilty to the charge of aggravated robbery, Mr. Quarterman waived his right to appeal the constitutionality of the mandatory transfer provisions and his lawyer's failure to object to their application.  Mr. Quarterman's assignments of error are overruled.

III.

{¶9}    Mr. Quarterman waived his arguments regarding the constitutionality of Revised Code Section 2152.10(A)(2)(b) and 2152.12(A)(1)(b).  The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶10} I concur in the majority's judgment. With respect to Mr. Quarterman's fourth assignment of error, in light of the limited argument made on appeal, I agree that it is properly overruled.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶11} I agree with the majority that Quarterman's conviction must be affirmed albeit on a different basis.

{¶12}  In regard to his first three assignments of error challenging the constitutionality of the mandatory bindover provisions, I would conclude that he has not properly preserved those issues for appeal.  This Court has recognized:

> "Failure to raise at the trial level the issue of the constitutionality of a statute or its application, which is apparent at the time of the trial, constitutes a waiver of such issue * * * and therefore need not be heard for the first time on appeal." *State v. Pitts*, 9th Dist. Summit No. 20976, 2002-Ohio-6291, ¶ 106, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus.  *See also State v. Jefferson*, 9th Dist. Summit No. 20156, 2001 WL 276343 (Mar. 21, 2001) (holding that defendant's failure to raise the constitutionality of a statute at the trial court level waived such issue on appeal).

*State v. Moore*, 9th Dist. Summit No. 21182, 2003-Ohio-244, ¶ 14.  Accordingly, I would decline to address those assignments of error except as necessary to address the fourth assignment of error.

{¶13}  In regard to his fourth assignment of error, I would overrule it as Quarterman failed to demonstrate prejudice.  This Court uses a two-step process as set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to determine whether a defendant's right to the effective assistance of counsel has been violated.

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*.

{¶14}  To demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."  *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the

judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

{¶15} This Court has previously discounted a constitutional challenge to the statutory mandatory bindover provisions. We concluded that, where the defendant has not claimed that the right to an amenability hearing constitutes a fundamental right, the legislative purposes of societal protection and crime reduction present a rational basis for the legislation. *State v. Collins*, 9th Dist. Lorain No. 97CA006845, 1998 WL 289390 (June 3, 1998). Moreover, other appellate courts have concluded that the mandatory bindover provisions are constitutional based on all the arguments Quarterman has raised here. *See, e.g., State v. Smith*, 8th Dist. Cuyahoga No. 76692, 2001 WL 1134871 (Sept. 18, 2001); *State v. Wilson*, 8th Dist. Cuyahoga No. 72165, 1998 WL 842060 (Dec. 3, 1998); *State v. Kelly*, 3d Dist. Union No. 14-98-26, 1998 WL 812238 (Nov. 18, 1998); *State v. Lee*; 11th Dist. Lake No. 97-L-091, 1998 WL 637583 (Sept. 11, 1998); and *State v. Ramey*, 2d Dist. Montgomery No. 16442, 1998 WL 310741 (May 22, 1998).

{¶16} Here, although Quarterman argued that he had a due process right to an amenability hearing, he did not couch his argument in terms of a substantive right to such hearing. He similarly made no such argument with regard to equal protection. Moreover, in regard to his cruel and unusual punishment argument, he cites no authority for application of the Eighth Amendment proscription to matters that do not constitute punishment. Mandatory bindover does not equate to punishment any more than the mere prosecution of an adult in the common pleas court constitutes punishment. Accordingly, Quarterman has not demonstrated that defense counsel's failure to challenge the constitutionality of the mandatory bindover provision resulted in prejudice in that the result of the proceedings would have been different.

APPEARANCES:

AMANDA J. POWELL, Assistant State Public Defender, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.