[Cite as *State v. Brookshire*, 2014-Ohio-1971.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

LV LAVELL BROOKSHIRE

     Defendant-Appellant


Appellate Case No.    25853

Trial Court Case No.   2013-CR-00635/02


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

### O P I N I O N

Rendered on the 9th day of May, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

BROOKE M. BURNS, Atty. Reg. No. 0080256, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-appellant, LV Lavell Brookshire, a juvenile, appeals from his conviction in the Montgomery County Court of Common Pleas for aggravated robbery and kidnapping after the matter was transferred from juvenile court pursuant to R.C. 2152.10 and R.C. 2152.12.   For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2}   On January 28, 2013, a delinquency complaint was filed against Brookshire in juvenile court alleging that he had committed offenses that if he were an adult would have constituted four counts of aggravated robbery in violation of R.C. 2911.01(A)(2) and three counts of kidnapping in violation of R.C. 2905.01.   Each count also included a firearm specification under R.C. 2941.145.   The charges arose from the January 20, 2013 robbery of a fast-food restaurant in Huber Heights, Ohio.   During the robbery, two males in masks held three individuals at gunpoint and forced them into the restaurant's bathroom.   Shortly after the robbery, the police found Brookshire in a van that was identified by witnesses as the robbers' get-away vehicle.   Brookshire was also identified as one of the robbers by two witnesses who saw him take off his mask.

{¶ 3}   After the delinquency complaint was filed, the State filed a motion to transfer jurisdiction of the case to the general division of the common pleas court ("adult court"), so that Brookshire could be tried as an adult.   The juvenile court then held a probable cause hearing in order to determine whether transfer to adult court was appropriate under R.C. 2152.10 and R.C. 2152.12.  Following the probable cause hearing, the juvenile court found that: (1) Brookshire was 16 years old at the time of the charged offenses; (2) there was probable cause to believe that

Brookshire had committed the offenses; and (3) Brookshire had brandished a firearm during the commission of the offenses. Based on these findings, the juvenile court determined that Brookshire's aggravated robbery charges must be transferred to adult court. The court also ordered Brookshire's kidnapping charges, which were subject to discretionary transfer, to be transferred on grounds that they attached to the aggravated burglary charges. In reaching this decision, the juvenile court did not conduct any further investigation or hold an amenability hearing.

{¶ 4} On March 22, 2013, following the transfer of Brookshire's case to adult court, Brookshire was indicted on all charges and specifications brought in juvenile court. Thereafter, on June 19, 2013, Brookshire pled guilty to two counts of aggravated robbery, one count of kidnapping, and one firearm specification. The remaining counts and firearm specifications were dismissed by the State pursuant to a plea agreement. The trial court then sentenced Brookshire to a concurrent three-year prison term for each of his three offenses, as well as a consecutive three-year prison term for the firearm specification, for a total of six years in prison.

{¶ 5} Brookshire now appeals from his conviction in adult court, raising five assignments of error.

## Assignment of Error No. 1

{¶ 6} Brookshire's First Assignment of Error is as follows:

THE MONTGOMERY COUNTY COURT OF COMMON PLEAS ERRED WHEN IT CONVICTED AND SENTENCED LV BROOKSHIRE FOR KIDNAPPING, BECAUSE IT DID NOT HAVE SUBJECT MATTER

JURISDICTION OF HIS KIDNAPPING CHARGE.

{¶ 7}  Under this assignment of error, Brookshire contends that the juvenile court improperly transferred his kidnapping charges to adult court, because the juvenile court failed to hold an amenability hearing as required by R.C. 2152.12(B) and (F).  As a result of the alleged improper transfer, Brookshire argues that the adult court never had jurisdiction to convict him of kidnapping.  Given the lack of jurisdiction, Brookshire maintains that his conviction for kidnapping is void and must be vacated so the matter can be returned to the juvenile court for an amenability hearing.

Jurisdiction

{¶ 8}  "Juvenile courts possess exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an adult."  *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 11, citing R.C. 2151.23(A)(1).  However, under certain circumstances, "the juvenile court has the duty to transfer a case, or bind a juvenile over, to the adult criminal system."  *Id.*, citing R.C. 2152.10 and 2152.12.  There are two types of transfer under Ohio's juvenile justice system: mandatory and discretionary.  *State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 894, ¶ 10.  " 'Mandatory transfer removes discretion from judges in the transfer decision in certain situations.' * * * 'Discretionary transfer, as its name implies, allows judges the discretion to transfer or bind over to adult court certain juveniles who do not appear to be amenable to care or rehabilitation within the juvenile system or appear to be a threat to public safety.' "  *Id.*, quoting *State v. Hanning*, 89 Ohio St.3d 86, 90, 728 N.E.2d 1059 (2000); R.C. 2152.12(A) and (B).  When a juvenile court improperly

transfers jurisdiction over a minor to adult court, any subsequent conviction in the adult court is void for lack of jurisdiction. *State v. Washington*, 2d Dist. Montgomery No. 20226, 2005-Ohio-6546, ¶ 14, citing *State v. Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995).

Mandatory Transfer

{¶ 9} R.C. 2152.10(A) provides that, under certain circumstances, a juvenile court must transfer cases to adult court for criminal prosecution "as provided in section 2152.12 of the Revised Code." Specifically, section (A)(2)(b) of the statute states that an alleged juvenile delinquent is eligible for mandatory transfer when:

> (2) The child is charged with a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply:
>
> * * *
>
> (b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged. R.C. 2152.10(A)(2)(b).

{¶ 10} R.C. 2152.12(A) establishes the procedure a juvenile court must follow for mandatory transfers. Section (A)(1)(b)(ii) of the statute states that:

> (b) After a complaint has been filed alleging that a child is a delinquent child by

reason of committing a category two offense, the juvenile court at a hearing shall transfer the case if the child was sixteen or seventeen years of age at the time of the act charged and either of the following applies:

* * *

(ii) Division (A)(2)(b) of section 2152.10 of the Revised Code requires the mandatory transfer of the case, and there is probable cause to believe that the child committed the act charged.   R.C. 2152.12(A)(1)(b)(ii).

### Discretionary Transfer

{¶ 11}   R.C. 2152.10(B) provides that an alleged juvenile delinquent is eligible for discretionary transfer under the following circumstances:

Unless the child is subject to mandatory transfer, if a child is fourteen years of age or older at the time of the act charged and if the child is charged with an act that would be a felony if committed by an adult, the child is eligible for discretionary transfer to the appropriate court for criminal prosecution.   In determining whether to transfer the child for criminal prosecution, the juvenile court shall follow the procedures in section 2152.12 of the Revised Code.

{¶ 12}   Section (B) of R.C. 2152.12 governs the procedure for discretionary transfers and provides that a juvenile court may transfer a case if, after a hearing, the court makes certain findings, including that the juvenile is not amenable to rehabilitation in the juvenile system.   The statute specifically states that:

Except as provided in division (A) of this section, after a complaint has been filed

alleging that a child is a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court at a hearing may transfer the case if the court finds all of the following:

(1) The child was fourteen years of age or older at the time of the act charged.

(2) There is probable cause to believe that the child committed the act charged.

(3) The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions. In making its decision under this division, the court shall consider whether the applicable factors under division (D) of this section indicating that the case should be transferred outweigh the applicable factors under division (E) of this section indicating that the case should not be transferred. The record shall indicate the specific factors that were applicable and that the court weighed. R.C. 2152.12(B).

### Transfer When Juvenile Is Charged With Both Mandatory and Discretionary Transfer Offenses

{¶ 13} R.C. 2152.12(F) establishes the procedure a juvenile court must follow when a juvenile has been charged with multiple offenses and one, but not all of the alleged charges are an offense that requires mandatory transfer. The statute states that:

If one or more complaints are filed alleging that a child is a delinquent child for committing two or more acts that would be offenses if committed by an adult, if a

motion is made alleging that division (A) of this section applies and requires that the case or cases involving one or more of the acts charged be transferred for, and if a motion also is made requesting that the case or cases involving one or more of the acts charged be transferred pursuant to division (B) of this section, the juvenile court, in deciding the motions, shall proceed in the following manner:

(1)     Initially, the court shall decide the motion alleging that division (A) of this section applies and requires that the case or cases involving one or more of the acts charged be transferred.

(2)     If the court determines that division (A) of this section applies and requires that the case or cases involving one or more of the acts charged be transferred, the court shall transfer the case or cases in accordance with that division.  After the transfer pursuant to division (A) of this section, the court shall decide, in accordance with division (B) of this section, whether to grant the motion requesting that the case or cases involving one or more of the acts charged be transferred pursuant to that division. Notwithstanding division (B) of this section, prior to transferring a case pursuant to division (A) of this section, the court is not required to consider any factor specified in division (D) or (E) of this section or to conduct an investigation under division (C) of this section.

(3)     If the court determines that division (A) of this section does not require that the case or cases involving one or more of the acts charged be transferred, the court shall decide in accordance with division (B) of this

section whether to grant the motion requesting that the case or cases involving one or more of the acts charged be transferred pursuant to that division.

(4)     No report on an investigation conducted pursuant to division (C) of this section shall include details of the alleged offense as reported by the child.

{¶ 14}  In applying the statutory scheme in R.C. 2152.12(F), this court, in *Washington*, 2d Dist. Montgomery No. 20226, 2005-Ohio-6546, held that when a mandatory transfer offense and a "non-category" (discretionary transfer) offense arise from the same course of conduct and the juvenile court properly transfers the mandatory transfer offense to the adult court, all further proceedings on the discretionary transfer offense are discontinued in the juvenile court pursuant to R.C. 2152.12(I), and the juvenile court is relieved of the requirements under R.C. 2152.12(F). *Id*. at ¶ 26.   R.C. 2152.12(I) states, in pertinent part, that:

The transfer abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint, and, upon the transfer, all further proceedings pertaining to the act charged shall be discontinued in the juvenile court, and the case then shall be within the jurisdiction of the court to which it is transferred as described in division (H) of section 2151.23 of the Revised Code.

{¶ 15}  In *State v. Henderson*, 2d Dist. Montgomery No. 21866, 2007-Ohio-5368, this court interpreted and applied R.C. 2152.12(I) in the same manner as in *Washington*.   In *Henderson*, the defendant was charged in juvenile court with aggravated robbery, aggravated burglary, and kidnapping.  *Id*. at ¶ 1.   Unlike the aggravated robbery and aggravated burglary charges, the kidnapping charge was not eligible for mandatory transfer per R.C. 2152.10(A)(2).

*Id.* at ¶ 14. In following *Washington*, we noted that R.C. 2152.12(I) " 'mandates transfer of a "non-category offense" charge when it is founded on the same course of conduct as another offense which must be transferred * * *.' " *Id.*, quoting *Washington* at ¶ 25. Because transfer of the aggravated robbery and aggravated burglary charges to adult court was mandatory under R.C. 2152.10 and R.C. 2152.12, and the kidnapping charge arose from the same course of conduct, we concluded that the juvenile court's jurisdiction over the kidnapping charge transferred to adult court along with the other charges and that the juvenile court was, therefore, not required to make the discretionary transfer findings in R.C. 2152.12(B). *Id.*

{¶ 16} Brookshire suggests that we revisit our interpretation and application of R.C. 2152.12(I) in *Washington* and *Henderson* due to recent developments and clarifications in Ohio law. Specifically, Brookshire cites a recent decision from the Tenth District Court of Appeals, *State v. Brown*, 10th Dist. Franklin No. 13AP-349, 2014-Ohio-314. In *Brown*, the State filed two complaints against the defendant in juvenile court, one alleging that the defendant committed aggravated robbery–a mandatory transfer offense–and the other alleging that the defendant committed burglary–a discretionary transfer offense. *Id.* at ¶ 3-5. The aggravated robbery and burglary were committed via separate acts and on separate days. *Id.* After the juvenile court found probable cause that the defendant committed both offenses, it decided to forego holding an amenability hearing for the burglary charge and transfer both cases to adult court since it had already determined that transfer was mandatory for the aggravated robbery charge. *Id.* at ¶ 7-10.

{¶ 17} The defendant in *Brown* appealed the transfer of his burglary charge to adult court arguing that R.C. 2152.12(F)(2) and (3) require the juvenile court to conduct hearings and investigations for discretionary transfer offenses as set forth in R.C. 2152.12(B) even after the

juvenile court has already ordered the mandatory transfer of a separate offense. *Id*. at ¶ 20. The State, however, maintained that because the juvenile court properly ordered the mandatory transfer of the aggravated robbery charge, the juvenile court was not required to hold an amenability hearing or comply with any of the other discretionary transfer requirements under R.C. 2152.12(B) for the burglary charge. *Id*. at ¶ 21. The Tenth District agreed with the defendant and reversed the juvenile court's decision transferring the burglary charge without having an amenability hearing, holding that in doing so, the court failed to comply with R.C. 21252.12. *Id*. at ¶ 29.

{¶ 18} In support of its decision, the Tenth District cited the Supreme Court of Ohio's decision in *State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 894. In *D.W.*, the juvenile defendant was charged with only discretionary transfer offenses. "[T]he juvenile court failed to conduct an amenability hearing before transferring the juvenile defendant to adult court based upon the mistaken belief that a prior bindover of the juvenile negated the need for an amenability hearing." *Id*. at ¶ 48. The Supreme Court held that "a juvenile court cannot bind over a juvenile on the sole basis that the juvenile has been previously bound over." *Id*. at ¶ 46. The Supreme Court further held that the plain language of R.C. 2152.12(B)(3) "requires the juvenile court to perform an amenability hearing before determining whether to transfer a juvenile from the juvenile court system to the adult criminal system." *Id*. at ¶ 21.

{¶ 19} The decisions in *Brown* and *D.W.* do not affect our interpretation and application of R.C. 2152.12(I) in *Washington* and *Henderson*. *D.W.* only involved discretionary transfer offenses and does not address the procedure to be used in cases where a juvenile is charged with both mandatory and discretionary transfer offenses. Moreover, while *Brown* involved both

mandatory and discretionary transfer offenses, unlike *Washington* and *Henderson*, the offenses in that case did not arise from the same course of conduct, as the offenses involved two separate acts committed on two separate dates. Furthermore, in *Brown*, the Tenth District confined its analysis to the language in R.C. 2152.12(F), without addressing section (I). Therefore, we find both *Brown* and *D.W.* distinguishable from *Washington* and *Henderson*.

{¶ 20} Brookshire also contends that our interpretation of R.C. 2152.12(I) conflicts with R.C. 2152.121, which became effective on September 30, 2011. See Am.Sub.HB. 86, 2011 Ohio Laws File 29. R.C. 2152.121 establishes the circumstances in which jurisdiction should be transferred back to juvenile court after a juvenile has been convicted or pleads guilty in adult court for sentencing purposes. Upon review of this statute, we do not find that R.C. 2152.121 has any bearing on our interpretation of R.C. 2152.12(I). Accordingly, we do not find Brookshire's argument concerning R.C. 2152.121 to be persuasive.

{¶ 21} We also note that, except for the addition of section (F)(4) in September 2012, the language in R.C. 2152.12(F) and (I) has not changed since our holdings in *Washington* and *Henderson*. *See* Am.S.B. No. 179, 2000 Ohio Laws File 309; Am.Sub.S.B. No. 337, 2012 Ohio Laws File 131. Accordingly, we will continue to interpret R.C. 2152.12(I) to mandate the transfer of a discretionary transfer offense when it is founded on the same course of conduct as another offense which must be transferred. *See Henderson*, 2d Dist. Montgomery No. 21866, 2007-Ohio-5368 at ¶ 14, quoting *Washington*, 2d Dist. Montgomery No. 20226, 2005-Ohio-6546 at ¶ 25.

<u>The Juvenile Court Properly Transferred</u>

<u>Brookshire's Kidnapping Charges</u>

**{¶ 22}** In this case, Brookshire was charged with multiple counts of aggravated robbery and kidnapping in the juvenile court. Brookshire does not contest the fact that the aggravated robbery charges were subject to mandatory transfer pursuant to R.C. 2152.10 and R.C. 2152.12. However, kidnapping in violation of R.C. 2905.01 is expressly excluded from mandatory transfer per R.C. 2152.10(A)(2). *Henderson* at ¶ 14. Therefore, Brookshire's charges were a mix of mandatory and discretionary transfer offenses.

**{¶ 23}** Because he was charged with both mandatory and discretionary transfer offenses, Brookshire contends that the juvenile court was required to follow the transfer procedure outlined in R.C. 2152.12(F), which instructs the juvenile court to follow the procedure in R.C. 2152.12(B) for the discretionary transfer offenses. However, pursuant to our holdings in *Washington* and *Henderson*, we conclude that R.C. 2152.12(I) relieved the juvenile court of its obligations under section (F), because Brookshire's aggravated robbery and kidnapping charges all arose from the same course of conduct, i.e., the January 20, 2013 robbery. During the robbery, Brookshire ordered three individuals to go into the bathroom at gunpoint, which accounts for the three kidnapping charges. Therefore, it is clear that the kidnapping charges pertain to the robbery. Since it is not disputed that the juvenile court was required to transfer Brookshire's aggravated robbery charges to the adult court, and R.C. 2152.12(I) requires all proceedings pertaining to Brookshire's delinquent act to be discontinued in the juvenile court, the related kidnapping charges were properly transferred with the aggravated robbery charges just as they were in *Henderson*.

**{¶ 24}** Given that the juvenile court properly transferred the kidnapping charges to the

adult court, the juvenile court effectively relinquished its jurisdiction over the charges. As a result, the adult court had jurisdiction to accept Brookshire's guilty plea to one count of kidnapping and to enter a conviction for that offense. Accordingly, Brookshire's conviction for kidnapping is not void.

{¶ 25} Brookshire's First Assignment of Error is overruled.


**Assignment of Error Nos. 2, 3, and 4**

{¶ 26} For purposes of convenience, we will address Brookshire's Second, Third, and Fourth Assignments of Error together. They are as follows:

II. THE MONTGOMERY COUNTY JUVENILE COURT ERRED WHEN IT TRANSFERRED LV BROOKSHIRE'S CASE TO ADULT COURT BECAUSE THE MANDATORY TRANSFER PROVISIONS IN R.C. 2152.12(A)(2)(b) AND R.C. 2152.12(A)(1)(b) ARE UNCONSTITUTIONAL IN VIOLATION OF A CHILD'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNTIED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

III. THE MONTGOMERY COUNTY JUVENILE COURT ERRED WHEN IT TRANSFERRED LV BROOKSHIRE'S CASE TO ADULT COURT BECAUSE THE MANDATORY TRANSFER PROVISIONS IN R.C. 2152.10(A)(2)(b) AND R.C. 2152.12(A)(1)(b) VIOLATE A CHILD'S RIGHT TO EQUAL PROTECTION AS GUARANTEED BY THE

FOURTEENTH AMENDMENT TO THE UNTIED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION.

IV.   THE MONTGOMERY COUNTY JUVENILE COURT ERRED WHEN IT TRANSFERRED LV BROOKSHIRE'S CASE TO ADULT COURT BECAUSE THE MANDATORY TRANSFER PROVISIONS IN R.C. 2152.10(A)(2)(b) AND R.C. 2152.12(A)(1)(b) VIOLATE THE PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENTS AS GUARANTEED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.

**{¶ 27}**   Under these assignments of error, Brookshire argues that R.C. 2152.10(A)(2)(b) and R.C. 2152.12(A)(1)(b), which govern the mandatory transfer of juvenile cases to adult court, violate his constitutional rights to due process, equal protection, and to be free from cruel and unusual punishment.

**{¶ 28}**   As an initial matter, we note that "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue." *In re I.A.*, 2d Dist. Montgomery No. 25078, 2012-Ohio-4973, ¶ 4, quoting *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus.   In this case, Brookshire failed to raise his constitutional challenges to the mandatory transfer in the juvenile court or the trial court and, therefore, waived his arguments on appeal.

**{¶ 29}**   In addition, "a defendant who * * * voluntarily, knowingly, and intelligently

enters a guilty plea with the assistance of counsel 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' " *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Since Brookshire does not challenge the validity of his plea, Brookshire also waived his right to challenge the constitutionality of R.C. 2152.12 by pleading guilty. *See, e.g., State v. Bradford*, 5th Dist. Stark No. 2013 CA 00124, 2014-Ohio-904, ¶ 76-79; *State v. Quarterman*, 9th Dist. Summit No. 26400, 2013-Ohio-3606, ¶ 3-6 (both cases finding that the defendant was prevented from arguing on appeal that R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) violated his constitutional rights to due process, equal protection, and to be free from cruel and unusual punishment, because the defendant pled guilty to the charges against him and did not contest the validity of his plea).

{¶ 30} However, we note that even if there is a clear waiver, as there is here, an appellate court may still " 'consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it.' " *In re A.I.* at ¶ 4, quoting *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus. (Other citation omitted.) Yet, even if we were to consider Brookshire's constitutional arguments, they do not have merit, because this court along with other appellate districts have already determined that the statutory provisions requiring mandatory transfer do not violate due process and equal protection rights under the Fourteenth Amendment. *See, e.g., State v. Ramey*, 2d Dist. Montgomery No. 16442, 1998 WL 310741 (May 22, 1998); *State v. Agee*, 133 Ohio App.3d 441, 728 N.E.2d 442 (2d Dist.1999); *State v. Kelly*, 3d Dist. Union No. 14-98-26, 1998 WL 812238

(Nov. 18, 1998); *State v. Lee*, 11th Dist. Lake No. 97-L-091, 1998 WL 637583 (Sept. 11, 1998); *State v. Collins*, 9th Dist. Lorain No. 97 CA 0006845, 1998 WL 289390 (June 3, 1998) (all finding that the mandatory transfer provisions in former R.C. 2151.26(B), which is now codified as R.C. 2152.12, do not violate a juvenile's constitutional rights to due process and equal protection under the law). We will continue to follow the precedent on this issue unless otherwise advised by the Supreme Court of Ohio.[1]

{¶ 31} Additionally, Brookshire's argument that the mandatory transfer statute violates his Eighth Amendment right to be free from cruel and unusual punishment is unpersuasive. "The Eighth Amendment to the United States Constitution states that, 'Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.' " *State v. Long*, Slip Opinion No. 2014-Ohio-849, ¶ 8. " '[C]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person.' " *State v. Weitbrecht*, 86 Ohio St.3d 368, 371, 715 N.E.2d 167 (1999), quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70, 203 N.E.2d 334 (1964). The penalty must be " 'so greatly disproportionate to the offense as to shock the sense of justice of the community.' " *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 14, quoting *Weitbrecht* at 371. "As applied to juveniles, the United States Supreme Court has held that the Eighth Amendment prohibits the imposition of the death penalty and the imposition of life without the possibility of parole for nonhomicide offenses." *Long* at ¶ 8, citing *Roper v.*

---

[1] On December 24, 2013, the Supreme Court of Ohio accepted review of whether R.C. 2152.10(A)(2)(b) and R.C. 2152.12(A)(1)(b) violate a juvenile's constitutional rights to due process, equal protection, and to be free from cruel and unusual punishment. The review is pending in Supreme Court Case No. 2013-1591, which is an appeal from *State v. Quarterman*, 9th Dist. Summit No. 26400, 2013-Ohio-3606.

*Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005); *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). "Most recently, the Eighth Amendment was held to ban mandatory life-without-parole sentences on juveniles in [*Miller v. Alabama*, ___U.S.___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012)]." *Id*.

{¶ 32} The statutory provisions at issue in this case, however, do not govern the sanctioning of juveniles, but instead govern whether a juvenile case must be transferred to adult court for adjudication. As stated in the concurrence in *Quarterman*, 9th Dist. Summit No. 26400, 2013-Ohio-3606, "[m]andatory bindover does not equate to punishment any more than the mere prosecution of an adult in the common pleas court constitutes punishment." *Id.* at ¶ 16. Furthermore, Brookshire provides no support for applying Eighth Amendment protections to matters that do not constitute punishment. Accordingly, his Eighth Amendment argument is not well taken.

{¶ 33} Notwithstanding the fact that Brookshire waived his constitutional challenges to R.C. 2152.12, we find no merit to his challenges and, therefore, overrule his Second, Third, and Fourth Assignments of Error.

**Assignment of Error No. 5**

{¶ 34} Brookshire's Fifth Assignment of Error is as follows:

LV BROOKSHIRE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT TO HIS CASE BEING TRANSFERRED TO ADULT COURT.

{¶ 35} Under this assignment of error, Brookshire contends that his trial counsel was

ineffective in failing to object to the juvenile court's transfer of his kidnapping charges to the adult court without holding an amenability hearing. Brookshire also argues that his trial counsel was ineffective in failing to object to the constitutionality of the mandatory transfer of his case to adult court.

{¶ 36} We review allegations of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To prevail on an ineffective-assistance claim, Brookshire must establish that his trial counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland* at paragraph two of the syllabus. A trial counsel's performance is deficient if the conduct complained of fell below an objective standard of reasonableness. *Id*. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Id.* As for prejudice, a trial counsel's deficient performance is prejudicial when counsel's errors are serious enough to create a reasonable probability that, but for the errors, the result of trial would have been different. *Id*.

{¶ 37} In this case, we have already concluded that the juvenile court properly transferred Brookshire's kidnapping charges to the adult court pursuant to R.C. 2152.10 and R.C. 2152.12. Therefore, trial counsel's failure to object to the transfer did not fall below an objective standard of reasonableness. Likewise, having concluded that Brookshire's constitutional challenges have no merit, it was not unreasonable for Brookshire's trial counsel to abstain from objecting to the constitutionality of the mandatory bindover provisions in R.C. 2152.12. For the foregoing reasons, Brookshire has failed to establish that his trial counsel's

performance was deficient.   Accordingly, Brookshire's ineffective assistance claim must fail because he cannot satisfy the first prong of *Strickland*.

{¶ 38}   Brookshire's Fifth Assignment of Error is overruled.


### Conclusion

{¶ 39}   Having overruled all of Brookshire's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J.,    concur.


Copies mailed to:

Mathias H. Heck
Andrew T. French
Brooke M. Burns
Hon. Michael Tucker