[Cite as *State v. Moore*, 2014-Ohio-4411.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                 :            C.A. CASE NO.    2013 CA 97

v.                                         :            T.C. NO.    11CR85

KARRINGTON MOORE                           :            (Criminal appeal from
                                                        Common Pleas Court)

    Defendant-Appellant                :

                                           :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the    3rd    day of    October   , 2014.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

JILL E. BEELER, Atty. Reg. No. 0069459, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}    Karrington Moore appeals from a judgment of the Clark County Court of

Common Pleas, which denied his motions to vacate void judgment and to file exhibits and transcript under seal. For the following reasons, the trial court's judgment will be affirmed.

I.

{¶ 2} On January 18, 2011, Moore, age 17, was charged in juvenile court with one count of burglary, in violation of R.C. 2911.12(A)(1), a second-degree felony if committed by an adult. The same day, the State filed a motion to relinquish jurisdiction and to transfer the matter to the common pleas court for prosecution as an adult. A hearing was held on the motion. The juvenile court found that Moore was 17 years old at the time of the offense, that there was probable cause to believe that Moore had committed the amended offense of burglary, a third-degree felony if committed by an adult, and that, "with the advice and consent of counsel, [Moore] further waived the bindover/amenability hearing and requested that he be transferred to the general division of the Common Pleas Court of Clark County, Ohio for criminal prosecution as an adult." The juvenile court ordered Moore and the case transferred, as requested.

{¶ 3} On February 11, 2011, a bill of information was filed in the common pleas court against Moore for burglary. Three days later, Moore waived prosecution by indictment and pled guilty to burglary, a third-degree felony. On March 1, 2011, the trial court sentenced Moore to three years in prison. Moore did not timely appeal his conviction.

{¶ 4} On June 18, 2012, Moore filed a notice of appeal and a motion for delayed appeal from the March 1, 2011 judgment. The notice of appeal indicated that Moore had filed the notice because the issue of whether a juvenile can waive an amenability hearing in a juvenile bindover proceeding was pending before the Ohio Supreme Court. We denied

Moore's motion for delayed appeal and dismissed the appeal. *State v. Moore*, 2d Dist. Clark No. 12CA45 (Aug. 21, 2012). In October 2012, the supreme court held that a an amenability hearing may be waived, provided that certain procedures are followed. *State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 894.

{¶ 5} On August 23, 2013, Moore filed in the trial court a "motion to file exhibits and transcript under seal" to support his "motion to vacate void judgment," which was subsequently filed on September 13, 2013. The motion to vacate contended that Moore did not knowingly, intelligently and voluntarily waive the amenability hearing and, therefore, there was no proper transfer of jurisdiction from the juvenile court to the common pleas court. Moore argued that the trial court had inherent authority to vacate the void judgment of conviction. The motion to file exhibits and transcripts under seal concerned several juvenile court documents, including the transcript of the bindover hearing.

{¶ 6} The State opposed the motions, asserting that Moore's motion to vacate void judgment should be construed as a petition for post-conviction relief and that the petition was untimely. The State argued that the trial court lacked jurisdiction to consider the untimely petition and that the doctrine of res judicata prohibited Moore from raising any issue that he could have raised on direct appeal.

{¶ 7} The trial court denied Moore's motions, reasoning:

The motion to vacate the judgment is not timely filed. There is no statutory provision under the facts of this case which would grant this Court jurisdiction to entertain the motion subsequent to the filing deadline specified in the statute. Further, this case has been argued before the Second District

Appellate Court wherein the defendant's conviction was affirmed. These issues could have been raised at that time. Therefore, the matter is res judicata. Since the motion to vacate the judgment is not properly before the Court, there is no basis for the motion to file exhibits and transcript under seal.

{¶ 8} Moore appeals from the trial court's judgment.

II.

{¶ 9} Moore's sole assignment of error states: "The Clark County Court of Common Pleas erred when it determined that it was without jurisdiction to rule on Karrington Moore's Motion to Vacate Void Judgment * * *."

{¶ 10} The trial court treated Moore's motion to vacate void judgment as a petition for post-conviction relief. Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights (federal or Ohio) may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A). A post-conviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); R.C. 2953.21(J). For this reason, a defendant's petition for post-conviction relief is not a constitutional right; the only rights afforded to a defendant in post-conviction proceedings are those specifically granted by the legislature. *Steffen*, 70 Ohio St.3d at 410; *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

**{¶ 11}** When no direct appeal of the judgment of conviction has been taken (as in Moore's case), a petition for post-conviction relief must be filed "no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). Trial courts lack jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-921, ¶ 16. It is apparent that Moore's motion to vacate void judgment, if construed as a petition for post-conviction relief, was untimely.

**{¶ 12}** Moore argues that he did not need to comply with the time limitations in R.C. 2953.21, because the trial court's judgment was void and could be challenged outside of the post-conviction statute. Under Ohio law, there are generally "but two reasons that a judgment is void: '[the judgment] has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act.'" *Lamb v. Lamb*, 2d Dist. Montgomery No. 24076, 23538, 2011-Ohio-2970, ¶ 12, quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12; *State v. Johnston*, 2d Dist. Montgomery No. 25652, 2013-Ohio-4401, ¶ 15. A void judgment "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 8; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 233, ¶ 8.

**{¶ 13}** "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. A motion to vacate is properly characterized as a petition for post-conviction relief when it is filed subsequent to a direct

appeal (or the expiration of the time for filing a direct appeal), it claims the denial of a constitutional right, it seeks to void a voidable judgment, and asks for the vacation of the judgment and sentence. *See id.*; *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997). Where, on the other hand, the judgment is void, not voidable, the trial court can act under its inherent authority to vacate the void judgment, and it need not construe a motion to vacate as a petition for post-conviction relief. *See State v. Harrison*, 2d Dist. Montgomery No. 24471, 2011-Ohio-6803, ¶ 20.

{¶ 14} The subject matter jurisdiction of Ohio courts of common pleas is defined by statute, pursuant to Section 4, Article IV of the Ohio Constitution. *State v. Neguse*, 71 Ohio App.3d 596, 599, 594 N.E.2d 1116 (10th Dist.1991). R.C. 2151.23 provides exclusive original subject matter jurisdiction to the juvenile court concerning any child who, on or about the date specified in the complaint, is alleged to be a delinquent or unruly. R.C. 2151.23(A)(1). However, some children may be removed from the juvenile court's authority and prosecuted as adults. If a juvenile's case is transferred, the juvenile court "does not have jurisdiction to hear or determine the case subsequent to the transfer," and the court to which the case is transferred "has jurisdiction subsequent to the transfer to hear and determine the case in the same manner as if the case originally had been commenced in that court." R.C. 2151.23(H).

{¶ 15} R.C. 2152.12 governs the transfer from juvenile court to the appropriate adult court for criminal prosecution. "Two types of transfer exist under Ohio's juvenile justice system: discretionary and mandatory." *State v. Hanning*, 89 Ohio St.3d 86, 728 N.E.2d 1059 (2000); R.C. 2152.12(A), (B). Of relevance to this case, R.C. 2152.12(B)

grants the juvenile court discretion to transfer a case to the common pleas court for prosecution if the child is delinquent for committing an act that would be a felony if committed by an adult and the court finds (1) the child was age 14 or older at the time of the act charged, (2) there is probable cause to believe that the child committed the act charged, and (3) the child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions. *Id*.; see also Juv.R. 30(C).

{¶ 16} The Ohio Supreme Court has held that, "[a]bsent a proper bindover procedure pursuant to R.C. 2151.26 [now R.C. 2152.12], the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent," and that the "exclusive subject matter jurisdiction of the juvenile court cannot be waived." *State v. Wilson*, 73 Ohio St.3d 40, 652 N.E.2d 196 (1995), paragraphs one and two of the syllabus.

{¶ 17} The trial court record contains the juvenile court's February 9, 2011 order relinquishing jurisdiction and ordering Moore's case to be transferred to the court of common pleas. In that order, the juvenile court found that there was probable cause to believe that Moore committed the delinquent act of burglary as alleged in the complaint, that Moore was 17 years old at the time he committed the offense, and that he, "with the advice and consent of counsel, further waived the bindover/amenability hearing and requested that he be transferred to the general division of this court for prosecution as an adult." An amenability hearing may be waived. *In re D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 894, syllabus. Accordingly, on its face, the juvenile court's order reflects that the

juvenile court made the necessary findings under R.C. 2152.12 to transfer subject matter jurisdiction over Moore to the common pleas court. Having made those findings, subject matter jurisdiction over Moore was transferred to the common pleas court.

{¶ 18}   Moore claims that he did not properly waive his amenability hearing, because his waiver was not knowing, intelligent and voluntary. Moore argues that this flaw in his bindover procedure rendered the transfer to the common pleas court erroneous and deprived the common pleas court of subject matter jurisdiction.

{¶ 19}   The safeguard of an amenability hearing is "grounded in due process and other constitutional protections." *In re D.W.* at ¶ 20. "Juv.R. 3 states that although a juvenile may not waive his right to be represented by counsel at a Juv.R. 30 hearing, '[o]ther rights of a child may be waived with permission of the court.'" *In re D.W.* at ¶ 23. The right to an amenability hearing is one of those waivable rights. *In re D.W.* at syllabus.

{¶ 20}   Moore does not claim that the juvenile court failed to afford him the opportunity to avail himself of the protections of a bindover procedure. Compare *In re D.W.* at ¶ 48 (juvenile court failed to conduct an amenability hearing before transferring juvenile to common pleas court, based upon the mistaken belief that a prior bindover of the juvenile negated the need for an amenability hearing, and never asked the juvenile whether he was waiving the hearing); *Wilson*, 73 Ohio St.3d 40, 652 N.E.2d 196 (juvenile charged and convicted in common pleas court on mistaken belief that he was an adult when offenses committed; no bindover proceeding was provided). Rather, he claims that his waiver of the bindover procedure was defective. In our view, Moore's claim that the juvenile court did not properly obtain a waiver of his amenability hearing raises a constitutional challenge to

the bindover procedure. In essence, he claims that his due process rights were violated.

{¶ 21} Because Moore has, in essence, raised a constitutional challenge to the juvenile court's bindover procedure, Moore's argument falls within the scope of the post-conviction relief statute and the requirements contained therein.

{¶ 22} It is undisputed that Moore's motion, if construed as a petition for post-conviction relief, was untimely. Accordingly, the trial court did not err in concluding that it lacked jurisdiction to consider Moore's motion to vacate a void judgment. Moreover, if he is alleging a statutory violation (as D.W. did), the trial court also did not err in concluding that his argument is barred by res judicata, because Moore could have raised the alleged deficiency in the bindover proceeding on direct appeal. Finally, because the trial court could not consider Moore's petition for post-conviction relief, it reasonably denied Moore's motion to file exhibits and transcript under seal.

{¶ 23} Moore's assignment of error is overruled.

### III.

{¶ 24} The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Ryan A. Saunders
Jill E. Beeler
Hon. Richard J. O'Neill