[Cite as *State v. Bond*, 2022-Ohio-373.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellee,                 :

            v.                                :

        No. 110520

SAMIYAH BOND,                                :

    Defendant-Appellant.               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** February 10, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652417-C

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Samantha Sohl and Jeffrey Schnatter, Assistant Prosecuting Attorneys, *for appellee.*

Tim Young, Ohio State Public Defender, and Lauren Hammersmith and Timothy B. Hackett, Assistant State Public Defenders, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Appellant Samiyah Bond appeals her convictions resulting from a plea agreement with the state of Ohio in her case that was transferred from juvenile court.

We find no error in the proceedings at the juvenile court but find that the trial court erred in accepting Bond's plea, and we vacate Bond's convictions and remand this matter.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} On February 27, 2020, Bond, then 17 years of age, was charged in juvenile court with seven offenses, to include aggravated murder, aggravated robbery, aggravated burglary, felonious assault, and attempted murder, all charges having both one- and three-year firearm specifications in violation of R.C. 2941.141 and 2941.145 attached thereto.

{¶ 3} On March 4, 2020, the state of Ohio filed a notice of mandatory bindover and a motion for an order to relinquish jurisdiction of the case based upon Bond's age and the charges brought. On March 5, 2020, the juvenile court arraigned Bond on the charges and remanded her to the juvenile detention center. The juvenile court set a further pretrial to be held April 2, 2020. Thereafter, the state of Ohio provided discovery and supplemented that discovery. The trial court later set a date for hearing on the motion to relinquish jurisdiction for July 23, 2020, which date was later cancelled.

{¶ 4} On July 13, 2020, a pretrial hearing was held with both Bond and a codefendant. At that hearing, the codefendant waived her right to a probable cause hearing. Bond's counsel indicated to the juvenile court that Bond also intended to waive the probable cause hearing at a later date.

{¶ 5} On July 22, 2020, Bond filed a motion for a competency evaluation, which motion referenced a Cleveland Metropolitan School District Evaluation Team Report from March 2017, that created an Individualized Education Plan for Bond and a psychological evaluation done at MetroHealth that was at least one year old.

{¶ 6} The juvenile court held a pretrial hearing on July 23, 2020. At that time, Bond's counsel moved to withdraw from the case. The juvenile court inquired about the psychological exam from MetroHealth and learned that Bond had not been seen at or evaluated by MetroHealth for over two years. The juvenile court further noted that in March, there was nothing that occurred that would cause the court to be concerned about Bond's competency. The juvenile court granted the motion to withdraw, indicated that it would appoint Bond new counsel, and set a further pretrial conference.

{¶ 7} On August 26, 2020 Bond, with and through new counsel, appeared before the juvenile court and withdrew her motion for a competency evaluation. She indicated to the juvenile court that she wished to waive her right to a probable cause hearing. Prior to accepting her waiver, the trial court conducted the following colloquy with Bond:

> THE COURT: Okay. All right. So [Miss Bond], you are currently 17 years old?
>
> BOND: Yes.
>
> THE COURT: Okay. And you have had a chance to discuss all of these charges with your attorney, with Mr. Smith?
>
> BOND: (Inaudible).

THE COURT:  Yes?

BOND:  Yes, your Honor.

THE COURT:  I couldn't hear you.

BOND:  Oh. Yes, your Honor.

THE COURT:  Okay. And I would assume that you've also had a chance to discuss all of these charges with your mother who is in the Courtroom with you today?

BOND:  Yes, your Honor.

THE COURT:  Okay. All right then. This decision to come in here today and waive your probable cause hearing, is this your free choice to do so?

BOND:  Yes, your Honor.

THE COURT:  I couldn't hear you.

BOND:  Yes, your Honor.

THE COURT:  Okay. In other words, no one has forced you to come in here today to waive your probable cause hearing?
BOND:  Yes, your Honor.

THE COURT:  And no one has promised you anything in order to get you to waive this probable cause hearing?

BOND:  No, your Honor.

THE COURT:  Okay. And do you understand the fact that what this means is by waiving your probable cause hearing today you are also agreeing or admitting that the State of Ohio if we went forward, the State of Ohio would have been able to show sufficient evidence to prove that there is probable cause here?

BOND:  Yes, your Honor.

THE COURT:  So you know that you are agreeing with that?

BOND:  Yes.

THE COURT:  Okay. And by doing so you are not admitting to any facts of the case.  Okay. Do you understand that?

BOND:  Yes.

THE COURT:  You're just agreeing that the State of Ohio can show probable cause if they went forward?

BOND:  Yes, your Honor.

THE COURT:  Okay. You also understand the fact that by waiving the probable cause hearing and agreeing that the State would have been able to show that, the Court will be finding that there is probable cause. You understand that?

BOND:  Yes, your Honor.

THE COURT:  Okay. And once the Court finds that there is probable cause, you understand the fact that the Court will then automatically bind your case over to the Adult Court?

BOND:  Yes, your Honor.

THE COURT:  Where you would be tried as if you were an adult?

BOND:  Yes, your Honor.

THE COURT:  You understand that?

BOND:  Yes.

THE COURT:  Okay. And you understand that once that happens that you would be facing some of the same penalties that other adults would including possible prison time?

BOND:  Yes, your Honor.

{¶ 8} The juvenile court asked Bond's counsel if "as her attorney you feel your client does understand all of the possible consequences of this hearing and the

nature of these proceeding?" Counsel responded affirmatively. The trial court continued addressing Bond:

> THE COURT: Okay. By the way, for today's hearing are you under the influence of any alcohol or drugs or mind altering substances at this time?
>
> BOND: No, your Honor.
>
> THE COURT: Okay. All right then. At this time is it true that you do wish to waive your probable cause hearing?
>
> BOND: Yes, your Honor.
>
> THE COURT: Okay. And is it true at this time that you are in agreement and you admit that the State of Ohio would be able to show that there is probable cause in this case?
>
> BOND: Yes, your Honor

{¶ 9} The juvenile court accepted Bond's waiver, found that probable cause existed for the charges, and transferred the charges to the general division of the common pleas court.

{¶ 10} After the transfer of her case, Bond, along with two codefendants, was indicted by a grand jury on 11 felony counts, to include charges of aggravated murder, murder, attempted murder, aggravated robbery, aggravated burglary, and felonious assault.[1] These counts all contained one- and three-year firearm specifications in violation of R.C. 2941.141 and 2941.145.

---

[1] We recognize the Ohio Supreme Court held in *State v Smith*, Slip Opinion No. 2022-Ohio-274, ¶ 44, that "[i]n the absence of a juvenile court's finding probable cause * * *, no adult court has jurisdiction over acts that were charged in but not bound over by the juvenile court." *Smith* is inapposite to our decision in this case because all charges

{¶ 11} On March 8, 2021, after discovery was exchanged and a series of pretrial conferences were held, Bond entered into a plea agreement with the state of Ohio to plead guilty to involuntary manslaughter, aggravated robbery, aggravated burglary, and attempted murder. The plea agreement included a recommended sentencing range of 8 to 18 years in prison. On April 21, 2021, the trial court sentenced Bond to an aggregate 13 to 18 year prison term.

{¶ 12} Bond appeals her convictions and alleges error in the proceedings within both the juvenile and general divisions of the court of common pleas.

## II. LAW AND ARGUMENT

{¶ 13} Bond raises seven assignments of error in this appeal. We address the assignments of error out of order, first addressing those assignments of error that relate to the proceedings that occurred at the juvenile court.

### A. The juvenile court did not err in transferring the case to the general division of the common pleas court

### 1. Ohio's juvenile mandatory transfer procedures have been determined to be constitutional

#### a. Ohio's mandatory transfer procedures are constitutional

{¶ 14} Bond has raised a challenge to the constitutionality of Ohio's transfer procedures. Her third assignment of error reads:

---

brought in juvenile court were found to have probable cause and were transferred. Further, the indictment and conviction in this case are not affected by the holding in *Smith* because Bond's convictions were based on the charges for which probable cause was found and were "for the same or lesser degree of the offense charged, for the commission of a lesser-included offense, or for the commission of another offense that is different from the offense charged." R.C. 2151.23(H).

Assignment of Error III: [Bond] was deprived of her constitutional rights to fundamental fairness and due process because Ohio's mandatory transfer statutes violate state and federal due process as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution, and by Article I, Section 16 of the Ohio Constitution. (8/26/2020 T. pp. 1-11; 8/26/2020 Entry; A-1).

{¶ 15} Ohio law requires the mandatory transfer of certain juvenile cases to the general division of the common pleas court where the juvenile offenders are tried and punished as adults. *See* R.C. 2152.10 and 2152.12. Bond argues that these mandatory transfer statutes are unconstitutional, adopting as her arguments the reasons stated by the Ohio Supreme Court in *State v. Aalim*, 150 Ohio St.3d 463, 2016-Ohio-8278, 83 N.E.3d 862. She also alleges that the bindover process is unconstitutional because it is based upon the definition of probable cause as "proof beyond a mere suspicion," which she argues is a vague and inadequate definition of probable cause.

{¶ 16} In *Aalim*, the Ohio Supreme Court initially determined that "mandatory transfer of juveniles without providing for the protection of a discretionary determination by the juvenile-court judge violates juveniles' right to due process." *Id.* at ¶ 1. However, upon reconsideration of the case, the Ohio Supreme Court vacated its decision and upheld the constitutionality of Ohio's mandatory bindover procedures. *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883. This court has rejected similar arguments that contravene the Ohio Supreme Court's determination that the mandatory transfer statutes are

constitutional.  *See State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 17.

**{¶ 17}** Additionally, within this assignment of error, Bond provides no citation or specific argument that her definition of probable cause, "proof beyond a mere suspicion,"[2] is unconstitutional.  Bond provides no citation to the record or law that would lead to an inference that her decision to waive probable cause in this matter was based upon the specific standard of proof she has alleged. As such, we will not address this specific argument.  App.R. 12(A)(2); *In re J.F.,* 8th Dist. Cuyahoga No. 96875, 2012-Ohio-2191, ¶ 21.

**{¶ 18}** Bond's third assignment of error is overruled.

**b. Ohio's mandatory transfer procedure does not violate a juvenile's due process rights by transferring cases in which juveniles are charged with complicity**

**{¶ 19}** In her second assignment of error, Bond argues that because she was charged with being complicit in crimes requiring mandatory transfer to the general division of the court of common pleas, the trial court erred by not considering this fact before transferring her case. Her second assignment of error reads:

> Assignment of Error II: The juvenile court committed plain error, erred as a matter of law, and violated due process when it granted the state's motion for mandatory transfer, based not on proof that [Bond] had committed a category one offense, but only on allegations that she was complicit in the commission of one. R.C. 2152.12(A) Fifth and

---

[2] We note that the Ohio Supreme Court stated that for the state to meet its burden of showing probable cause during a mandatory transfer proceeding for each charge, it "must produce evidence that raises more than a mere suspicion of guilt, but need not provide evidence proving guilt beyond a reasonable doubt."  *State v. Iacona*, 93 Ohio St.3d 83, 93, 2001-Ohio-1292, 752 N.E.2d 937.

Fourteenth Amendments to the U.S. Constitution; Article I, Section 16 of the Ohio Constitution; and *State v. Hanning*, 89 Ohio St.3d 86, 91, 728 N.E.2d 1059 (2000). (8/26/2020 Entry; A- 1).

{¶ 20} Bond argues the juvenile court erred by not considering whether or not she was an accomplice and not the principal offender in the crimes for which she was charged. She asks this court to find error based upon *State v. Hanning*, 89 Ohio St.3d 86, 2000-Ohio-436, 728 N.E.2d 1059. The state does not dispute that Bond was not the principal offender, but argues that Bond was charged with crimes that subjected her case to a mandatory transfer proceeding pursuant to R.C. 2152.10 and 2152.12 and that the holding in *Hanning* does not apply.

{¶ 21} In *Hanning*, the Ohio Supreme Court held that a juvenile offender was not subject to transfer to the general division if the juvenile was complicit in an offense being bound over due to a firearm specification. However, in *Agee v. Russell*, 92 Ohio St.3d 540, 2001-Ohio-1279, 751 N.E.2d 1043, the Ohio Supreme Court limited *Hanning's* application to discretionary, not mandatory, transfer proceedings. We recognized that limitation in *State v. Bishop,* 8th Dist. Cuyahoga No. 89184, 2007-Ohio-6197, ¶ 27, and rejected the argument Bond now makes.

{¶ 22} Bond's second assignment of error is overruled.

## 2. The juvenile court properly accepted Bond's waiver of her right to a probable cause hearing

{¶ 23} Bond's first assignment of error reads:

Assignment of Error I: [Bond] did not knowingly and intelligently waive her probable cause hearing because she was not informed of the consequences of her case being transferred to the common pleas court or the actual facts that she was stipulating to. Fifth and Fourteenth

Amendments to the U.S. Constitution; Article I, Section 16 of the Ohio Constitution; *State v. D. W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 434, ¶ 35-40. (8/6/2020 T. pp. 1-11; A-1).

{¶ 24} Bond argues that the juvenile court did not properly determine whether she was waiving her right to a probable cause hearing knowingly and intelligently because the juvenile court did not conduct an adequate colloquy, did not fully inform her of the consequences of the waiver, and ignored portions of the record that indicated she was not competent to waive the probable cause hearing.

{¶ 25} In *State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 894, ¶ 26, the Ohio Supreme Court found that a juvenile offender subject to transfer proceedings may waive the right to an amenability hearing prior to a transfer. In accepting such waiver, the court held that "the court must ensure that the juvenile's waiver of the right to an amenability hearing is made knowingly, intelligently, and intentionally and that it is a voluntary relinquishment of a known right." *Id.* at ¶ 25. Additionally, the court found that prior to accepting a waiver, the juvenile court must engage in a colloquy with the juvenile upon the record. *Id.* at ¶37. Courts of appeals have found that the procedure for waiver of an amenability hearing outlined in *D.W.*, *supra*, applies to the waiver of a probable cause hearing. *See State v. Smith*, 12th Dist. Butler No. CA2020-09-101, 2021-Ohio-2982, ¶ 18; *State v. J.T.S.*, 10th Dist. Franklin No. 14AP-516, 2015-Ohio-1103, ¶ 20.

{¶ 26} In this case, the juvenile court personally addressed Bond on the record before accepting her waiver of the probable cause hearing. The juvenile court determined that Bond discussed the charges with her attorney and her mother. It

informed Bond that the waiver would mean that the state would not have to present evidence to prove that there was probable cause she committed the crimes charged, that by waiving the hearing she was not admitting to any facts in the case, and that by waiving the right to a hearing, the juvenile court would find probable cause and transfer her case to "adult court" where she would be tried as an adult. The juvenile court explained to Bond that she would be facing the same penalties as an adult would, including possible prison time. Bond indicated she understood the implications of her waiver of the probable cause hearing and indicated she wished to waive the hearing. Further, the juvenile court asked Bond's counsel whether Bond understood the possible consequences and nature of the proceeding.

{¶ 27} Our review of the colloquy between the trial court and Bond indicates that the trial court ascertained that Bond was aware of the purpose and requirements of the probable cause hearing and the effect of her waiver of the hearing, e.g., that her case would be transferred from the juvenile court to the adult court. We note that the colloquy was similar in both form and substance to colloquies that have been found sufficient to allow a court to determine a waiver of a probable cause hearing was done knowingly, intelligently, and voluntarily. *See State v. Brown,* 10th Dist. Franklin No. 17AP-695, 2018-Ohio-4185, ¶ 22; *J.T.S.* at ¶ 21; *State v. Johnson*, 10th Dist. Franklin No. 12AP-898, 2013-Ohio-2008, ¶ 8.

{¶ 28} Bond argues that the colloquy was insufficient because the juvenile court did not specifically define probable cause and did not explain the gamut of penalties Bond faced after transfer of her case. Appellate courts have not required

the juvenile court to define probable cause or provide specific details on potential penalties.

> We did not require the juvenile court in *Johnson* to provide the juvenile with a legal definition of probable cause and we feel no need to impose such an obligation upon the juvenile court in this case. There is no indication in the record that appellant had an inadequate opportunity to consult with legal counsel or that counsel failed to adequately explain the proceedings to his client.

*State v. JTS,* 10th Dist. Franklin No. 14AP-516, 2015-Ohio-1103, ¶ 31; *see also Brown* at ¶ 26. Further, any discussion of particular punishments that could be imposed would be meaningless because the transfer of the case allows the grand jury to bring different charges. *See State v. Beauregard*, 8th Dist. Cuyahoga No. 101418, 2015-Ohio-1021, ¶ 28.

{¶ 29} Bond also raises as argument that the juvenile court erred by accepting her waiver without questioning her competency after the motion for an evaluation was withdrawn. In this case, Bond was represented by counsel and gave no indication to the juvenile court that she did not understand the proceedings or the consequences of her waiver. Bond has pointed to no current evidence or any occurrence to indicate that the juvenile court could infer Bond was incompetent at the time it accepted her waiver. The basis of concern for Bond's competency was based on information that was over two years old and, as such, Bond speculates that there was an issue of present competency at the time of the juvenile court hearing. Accordingly, she has not shown the juvenile court erred by accepting the waiver.

{¶ 30} We overrule appellant's first assignment of error.

## B. Bond's plea did not strictly comply with Crim.R. 11(C)(2)

{¶ 31} Bond raises several assignments of error regarding the proceedings after her case was transferred to the general division of the common pleas court. Her fourth assignment of error reads:

> Assignment of Error IV: The trial court erred as a matter of law when it accepted an unknowing, unintelligent, and involuntary guilty plea, in violation of Crim.R. 11(C); the Fifth and Fourteenth Amendments to the U.S. Constitution; Article I, Section 16 of the Ohio Constitution. (3/8/2021 Entry; 3/8/2021 T. pp. 4-11; A-2).

{¶ 32} Bond argues that when accepting her plea, the trial court did not inform her of her right to a trial by jury. The state concedes that the trial court did not. When accepting a plea to a felony, the trial court is required to strictly comply with Crim.R. 11(C)(2) in notifying and ascertaining a criminal defendant understands certain constitutional rights that are being waived. *State v. Brinkman*, Slip Opinion No. 2021-Ohio-2473, ¶ 12. A trial court's failure to notify a defendant of a constitutional right being waived by a plea is reversible error. *Id.; see also State v. Washington,* 8th Dist. Cuyahoga No. 110298, 2021-Ohio-2935, ¶ 13 ("The trial court's failure to strictly comply with the requirements of Crim.R. 11 renders the plea invalid.").

{¶ 33} After review of the record of the plea proceedings, we find that the trial court did not strictly comply with Crim.R. 11(C)(2)(c) when it failed to inform appellant of her constitutional right to a jury trial. Bond's fourth assignment of error is sustained, and we vacate the plea and remand this case to the trial court.

**{¶ 34}** Due to our disposition of Bond's fourth assignment of error, we will not address her fifth and seventh assignments of error[3] that challenge her sentence. App.R. 12(A)(1)(c); *State v. Robinson*, 8th Dist. Cuyahoga No. 85149, 2005-Ohio-2834, ¶ 49.

### C. Appellant did not suffer ineffective assistance of counsel

**{¶ 35}** Bond argues in her sixth assignment of error that she suffered ineffective assistance of counsel. The assignment of error reads:

> Assignment of Error VI: [Bond] was denied the effective assistance of counsel when trial counsel failed to object to both the juvenile court and the adult court's errors. Sixth and Fourteenth Amendments to the U.S. Constitution; Ohio Constitution, Article I, Section 10. (8/6/2020 T. pp. 1-11; 8/6/2020 Entry; A-1; 3/8/2021 Entry; 3/8/2021 T. pp. 4-11; A-2).

**{¶ 36}** Bond argues that the errors identified in her other assignments of error occurred and states her counsel was ineffective by failing to object to or prevent

---

[3] Appellant's fifth and seventh assignments of error both allege error in sentencing. They read:

> Assignment of Error V: The sentence in this case is clearly and convincingly contrary to law because it was imposed without any consideration of youth and its attendant characteristics as mitigating, which is now mandated by R.C. 2929.19(B)(1)(b). (4 /21/ 21 T. pp. 1-27; A-3).

> Assignment of Error VII: Because the Reagan Tokes Act violates the Ohio and United States Constitutions, [Bond's] sentence is contrary to law. R.C. 2953.08(G)(2); Sixth and Fourteenth Amendments of the United States Constitution; Articles I, II, and III of the United States Constitution; Article I, Sections 5, 10 and 16 of the Ohio Constitution; *State v. Sealey*, 8th Dist. Cuyahoga No. 109670, 2021-Ohio-1949, ¶ 45.

those alleged errors from occurring.  As we overruled the assignments of error alleging error in the juvenile proceedings and reversed Bond's convictions on the basis of a deficiency in the plea hearing, appellant's arguments that she suffered ineffective assistance of counsel are overruled. *See State v. Ellis*, 8th Dist. Cuyahoga No. 109408, 2021-Ohio-1297, ¶ 24 (Resolution of assignments of error preclude finding of ineffective assistance of counsel.).

## III.    CONCLUSION

{¶ 37} Bond was subject to a mandatory transfer of her case from juvenile court to the general division of the common pleas court.  Ohio's mandatory transfer procedures are constitutional.  Further, Bond knowingly and intelligently waived her right to a probable cause hearing in juvenile court and did not receive ineffective assistance of counsel.  However, Bond's plea was invalid where the trial court failed to strictly comply with Crim.R. 11(C) and we vacate Bond's convictions.

{¶ 38} The convictions are vacated, and this cause is remanded to the lower court for further proceedings upon the indicted charges consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR